## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 19-08-GF-BMM |
| Plaintiff, | |
| vs. | **AMENDED ORDER** |
| DESIRE AZKADELIA LAMBERT, | |
| Defendant. | |

## INTRODUCTION

Defendant Desire Azkadelia Lambert ("Lambert") filed a motion for compassionate release on October 31, 2024. (Doc. 46.) Lambert's counsel filed a supplemental motion for compassionate release on July 15, 2025. (Doc. 52.) Lambert argues that extraordinary and compelling reasons exist for their release because they are a survivor of sexual abuse from their time in the custody of the Federal Correctional Institution in Dublin, California ("FCI Dublin"). (Doc. 45 at 1 and Doc. 45-1 at 1.) Lambert, additionally, argues that release proves warranted in this case because they require special health care services as a transgender person that will likely go unaddressed in custody. (Doc. 52 at 7.) The Government opposes Lambert's motion. (Doc. 55.) The Court grants Lambert's motion and supplemental motion in part and denies in part. (Docs. 46 and 52.)

1

## FACTUAL BACKGROUND

Lambert pleaded guilty to assault with a dangerous weapon in violation of 18 U.S.C. §§ 1153(a) and 113(a)(3) and possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 1; Doc. 19.) The Court sentenced Lambert to the custody of the Bureau of Prisons ("BOP") for a period of 121 months. (Doc. 36.)

Lambert served less than four years' time in FCI Dublin from July 14, 2020, to April 18, 2024. (Doc. 55 at 5.) Before Lambert's removal from FCI Dublin, national news outlets uncovered pervasive sexual misconduct by correctional officers. *See United States v. Russell*, 757 F. Supp. 3d 1132, 1136 (D. Idaho 2024). Lambert alleges the following incident of sexual misconduct.  Sometime during Lambert's confinement at FCI Dublin, prison guard Darrell Smith, known by prisoners as "Dirty Dick" Smith, entered Lambert's cell. (Doc. 45-1 at 5 and Doc. 52 at 10–11.) Smith stated to Lambert, "you're not fooling me with this boy persona you have going. I know what you really look like outside of here." (Doc. 45-1 at 5.) He then reached into Lambert's pants, rubbed Lambert's vagina, and fondled Lambert's breasts. (Doc. 45-1 at 5–6.) Smith told Lambert: "let's see if it still gets wet for us men." (Doc. 45-1 at 5.) Lambert pushed Smith away. (Doc.45-1 at 6.) Lambert further alleges that after this incident Smith continuously stated

inappropriate sexual comments to Lambert where Lambert was forced to move from one unit to another. (Doc. 45-1 at 6.) Lambert also alleges a second sexual assault by their cellmate. (Doc. 45-1 at 8.)

A group of prisoners filed a class action suit against the BOP and others on August 16, 2023. *See Cal. Coal. for Women Prisoners v. United States*, 723 F. Supp. 3d 712, 719–720 (N.D. Cal. 2024). Lambert was a member of the suit. (Doc. 52 at 18.) The suit alleged that FCI Dublin staff violated the prisoners' Eighth Amendment and First Amendment rights for failing to give adequate medical and mental health care, subjecting them to a culture of sexual abuse, and retaliating against them for speaking out on prison conditions. *See generally id*. at 732–746. The Northern District Court of California granted class certification and ordered the appointment of a special master to oversee the facility on March 15, 2024. *Id*. at 748.

The Northern District Court of California issued a letter for offering advice to courts that may review motions for compassionate release from prisoners of FCI Dublin. (Doc. 45-1 at 1.) The letter advised that "the time at FCI Dublin was likely 'harder time' than other institutions" as "the [] population at FCI Dublin had limited to no access to constitutionally adequate medical and mental healthcare, programming, and timely administrative relief." (*Id*.) The letter further noted that many prisoners were "the subject of staff sexual abuse, harassment, and retaliation."

(*Id.*)

Lambert now has filed a motion for compassionate release citing family circumstances, their rehabilitative efforts, their own medical needs, and the alleged abuse they experienced at FCI Dublin. (Doc. 52 at 6–7.) The Inmate Locator provided by the BOP lists a projected release date of July 10, 2027. *See* Inmate Locator, https://www.bop.gov/inmateloc (accessed September 19, 2025). Lambert is currently incarcerated at Waseca FCI. *See id.*

## DISCUSSION

### I.    Availability of Relief Under 18 U.S.C. § 3582

Lambert has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582. Lambert contends that extraordinary and compelling reasons exist for reducing Lambert's sentence and that the § 3553(a) factors support such a reduction. The Government opposes Lambert's motion primarily on the grounds that the § 3553(a) factors fail to support a reduction in sentence. (Doc. 55 at 8.)

The First Step Act amended the United States Code to "promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019) (citing Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 1 (2019)). A court may modify a term of imprisonment upon motion of a defendant if the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). A court

4

must evaluate the factors set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)"), and whether the reduction proves "consistent with applicable policy statements issued by the Sentencing Commission" when the court considers a reduction of a defendant's term of imprisonment. *Brown*, 411 F. Supp. 3d at 448 (citing 18 U.S.C. § 3582(c)(1)(A)).

Congress has not defined the circumstances that rise to the level of "extraordinary and compelling," except to say that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t); *see also Brown*, 411 F. Supp. 3d at 448. The law instead directs the United States Sentencing Commission ("USSC") to issue a policy statement describing "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); *see also United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021).

Section 1B1.13 of the United States Sentencing Guidelines ("USSG"), titled Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) ("Policy Statement"), previously only provided a policy statement for motions filed by the BOP director. Amendments to USSG § 1B1.13 took effect on November 1, 2023. "The amendment revises §1B1.13(a) to reflect that a defendant is now authorized to file a motion under 18 U.S.C. § 3582(c)(1)(A), making the policy statement applicable to both defendant-filed and BOP-filed motions." USSC, Amendments to

the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, at 7, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf.

Section 1B1.13(b) outlines several categories of circumstances that constitute extraordinary and compelling reasons for reducing a defendant's sentence. USSG § 1B1.13(b). These categories include the following: (1) medical circumstances; (2) advanced age of the defendant; (3) family circumstances; (4) the defendant was a victim of abuse while incarcerated; and (5) unusually long sentences. USSG § 1B1.13(b). Section 1B1.13(b)(5) further provides a catchall category where "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the [other described reasons], are similar in gravity to [the other described reasons]." USSG § 1B1.13(b)(5). The USSC established the catchall "other reasons" provision to acknowledge that "what circumstances or combination of circumstances are sufficiently extraordinary and compelling to warrant a reduction in sentence is best provided by reviewing courts, rather than through an effort by the Commission to predict and specify in advance all of the grounds on which relief may be appropriate." USSC, Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, at 10.

## A.  Exhaustion of Remedies

Lambert appropriately exhausted their administrative remedies before filing their motion for compassionate release. Lambert submitted a request for compassionate release on July 31, 2024, to the warden of the facility in which Lambert is currently incarcerated. (Doc. 45-1 at 2.) The BOP denied Lambert's request on August 27, 2024. (Doc. 45-1 at 3.) Lambert exhausted their administrative remedies pursuant to 18 U.S.C. § 3582(c)(1)(A).

## B.  Extraordinary and Compelling Reasons

Lambert asserts four primary reasons for a compassionate release. Lambert raises their family circumstances, their rehabilitative efforts, their own medical circumstances, and their survival of sexual abuse at FCI Dublin as grounds supporting a reduction of their sentence to time served. (Doc. 52 at 6–7).

### i.    Family Circumstances

Lambert contends that compassionate release proves warranted in this case given their family circumstances. Section 1B1.13(b)(3)(A) of the USSG provides that extraordinary and compelling reasons exist upon "[t]he death or incapacitation of the caregiver of the defendant's minor child." Lambert has five children. (Doc. 52 at 27.) Lambert's mother serves as the primary caregiver to Lambert's children. (*Id.*) Lambert notes that their mother's "age and ill-health are catching up to her." (Doc. 224 at 9.) Lambert has not provided, however, any medical documentation to

7

support incapacitation of their mother. The Court finds that Lambert's family circumstances alone fail to constitute extraordinary or compelling reasons to warrant a reduction of Lambert's sentence. 18 U.S.C. § 3582(c)(1)(A)(i).

### ii.    Rehabilitation of Lambert

Lambert argues that their prison conditions, particularly the lack of staff at FCI Wasceca and the pervasive culture of abuse at FCI Dublin, weigh in favor of compassionate release. (Doc. 52 at 9–14, 26–27.) Rehabilitation alone fails to support a finding of extraordinary and compelling reasons to justify compassionate release. U.S.S.G §1B1.13(d). Courts may consider a defendant's rehabilitation "in combination with other circumstances in determining whether and to what extend a reduction in the defendant's term of imprisonment is warranted." *Id*.

Prisons across the country suffer from staff shortages. Staff shortages cause unfortunate consequences for the rehabilitative efforts of prisoners like Lambert. As Lambert points out, prisoners lose the opportunity to participate in educational and programming events that support rehabilitation. (Doc. 52 at 26–27.) Prison life may also become rampant with illicit drugs. (Doc. 52 at 27.) The Court finds, however, that a staff shortage on its own, although problematic, fails to support a finding of extraordinary and compelling reasons for immediate release.

The culture of harassment and abuse at FCI Dublin was well-documented.

8

Prisoners and BOP staff nicknamed FCI Dublin "The Rape Club." (Doc. 52 at 10.) The prison lacked cameras in places where they should have been, the camera footage recorded over after a short period of time, and the prison failed to give prisoners rape kit tests. Leslie Absher, *'Rape Club': Trial Set for Prison Guard Accused of Sexual Abuse in Notorious California Women's Prison*, Ms. Magazine, April 25, 2025. Survivors were often silenced. (Doc. 52 at 13.) Prisoners who spoke out faced repercussions, including being placed in the special housing unit. (*Id*.) Lambert spent almost four years in these conditions at FCI Dublin. Poor prison conditions alone, however, do not warrant immediate release. *See United States v. Hanson*, 2025 U.S. Dist. LEXIS 20811, at *7 (D. Idaho Feb. 3, 2025). The Court must consider other reasons in combination with the conditions at FCI Dublin.

### iii.        Medical Circumstances

Lambert argues that their medical conditions constitute extraordinary and compelling reasons for a sentence reduction. Section 1B1.13(b)(1) outlines when medical circumstances constitute extraordinary and compelling reasons for a sentence reduction. Medical circumstances constitute extraordinary and compelling reasons where the defendant suffers from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care" and from which the defendant "is not expected to recover." USSG § 1B1.13(b)(1)(B).

9

Extraordinary and compelling reasons also exist where the defendant suffers from a "condition that requires long-term or specialized care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." USSG § 1B1.13(b)(1)(C).

Lambert notes that they suffer from "depression, post-traumatic stress disorder, severe anxiety, a history of suicidal ideation, and at least one attempt to commit suicide by hanging." (*Id.* at 23.) Lambert's medical records indicate that Lambert has received psychological treatment and mental health medications. (*See* Doc. 55-3; Doc. 55-1.) Their medical conditions, therefore, fail to arise to extraordinary and compelling reasons to warrant immediate release.

Lambert also points to their needs for gender affirming care and psychological treatment for gender dysphoria. (Doc. 52 at 23–24.) President Trump signed Executive Order 14168 entitled *Defending Women from Gender Ideology Extremism and Restoring Biological Truth in Government* on January 20, 2025. 90 Fed. Reg. 8615. The Order directs the BOP to "revise its policies concerning medical care" and prohibits the use of federal funds "for any medical procedure, treatment, or drug for the purpose of conforming an inmate's appearance to that of the opposite sex." *Id*. The District Court of the District of Columbia temporarily enjoined the Order on June 3, 2025. *See Kingdom v. Trump*, 2025 U.S. Dist. LEXIS 105237 (D.D.C. Jun.

3, 2025). The District Court has extended the injunction to November 30, 2025. *Kingdom v. Trump*, No. 1:25-cv-691-RCL (Doc. 79).

The nature of Lambert's condition as a transperson may "require long-term or specialized care." USSG § 1B1.13(b)(1)(C). Lambert cannot show at this time that the BOP has failed to provide the required care for dealing with Lambert's gender dysphoria. Lambert has continued to receive testosterone injections. (Doc. 55-3 and Doc. 55-4). Until the BOP stops providing Lambert with their medical treatments, the Court finds that no evidence currently exists to suggest that Lambert's medical circumstances "substantially diminish" their ability to provide self-care or place them at "risk of serious deterioration in health or death."

Lambert's medical circumstances fail to rise to the level of extraordinary and compelling reasons for a complete sentence reduction.

### iv.    Sexual Abuse

Section 1B1.13(b)(4)(A) of the USSG provides that extraordinary and compelling reasons may exist where the defendant experienced sexual abuse from a correction officer in custody for the "term of imprisonment sought to be reduced." "The misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding." 1B1.13(b)(4)(A). Exceptions include whether "the proceedings are unduly delayed,

11

or the defendant is in imminent danger." 1B1.13(b)(4)(A).

The requirement of a specific finding in a proceeding proves the greatest hurdle for Lambert's claims. The District Court of Southern California recently found extraordinary and compelling circumstances existed where a defendant alleged sexual misconduct by staff at FCI Dublin and the defendant was a member of the prisoners' class action lawsuit. *United States v. Castillo*, 2025 U.S. Dist. LEXIS 129609, at *7 (S.D. Cal. July 7, 2025). The court provided no reasoning to why the class action lawsuit satisfied the proceedings requirement of 1B1.13(b)(4)(A). *See id*. In contrast, the District Court of Eastern California denied compassionate release where a defendant merely alleged claims of sexual misconduct by a correctional officer without a specific finding or criminal conviction regarding her claims. *United States v. Leyba*, 2024 U.S. Dist. LEXIS 21860, at *2 (E.D. Cal. Feb. 7, 2024). The defendant also demonstrated no involvement in the prisoner civil action and failed to argue undue delay. *Id*. at *1–2.

The Court follows *United States v. Castillo* and finds *Leyba* easily distinguishable from the case at hand. Unlike *Leyba*, where the defendant alleged sexual misconduct without providing specific findings, arguing undue delay, or joining the prison class action lawsuit, Lambert has provided a sufficient showing under the requirements of USSG 1B1.13(b)(4)(A). Lambert has specifically pointed

12

to three actions involving their allegations of sexual misconduct. Lambert joined the prisoners' class action lawsuit. Lambert also has a pending civil action against Officer Smith. (Doc. 52 at 19–20.) The Government had subpoenaed Lambert to testify in the last criminal trial of Officer Smith. (Doc. 52 at Exhibit C.) Even though Lambert was ultimately not called upon to testify, the Court considers these actions lend some credibility to Lambert's allegations.

The Court also acknowledges that Lambert's claims prove difficult to substantiate in large part because the prison lacked sufficient camera coverage and footage. Lambert has noted that the footage shows officer Smith entering their cell before the alleged sexual misconduct. (Doc. 45-1 at 5.) These facts suggest at least some undue delay in proceedings. The Court finds that Lambert presents extraordinary and compelling reasons for a sentence reduction.

### C.  Section 3553(a) Factors and Danger Posed by the Defendant

The Court still must determine whether the defendant represents a danger to the safety of others or the community and whether the requested reduction would comport with the § 3553(a) factors. USSG § 1B1.13(a); 18 U.S.C. 3582(c)(1)(A). Section 3553(a) of Title 18 of the United States Code provides:

> The court, in determining the particular sentence to be imposed, shall consider—
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed—

        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B) to afford adequate deterrence to criminal conduct;

        (C) to protect the public from further crimes of the defendant; and

        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a). The Court also must consider the kinds of sentences available, the need to provide restitution to any victims, the recommended guideline sentence, any pertinent policy statement, and the need to avoid unwarranted sentence disparities. (*Id.*) Section 3142(g) of Title 18 of the United States Code outlines similar considerations for determining whether someone represents a danger to the safety of others or the community. These factors include the nature and characteristics of the offense and the history and characteristics of the defendant.

The nature and characteristics of Lambert's offense weigh heavily against a complete reduction in sentence. Lambert committed a violent drug offense. Lambert shot a person in the chest over an unsettled drug debt. The person could have lost his life. Lambert also perpetrated the offense while on supervision for two other convictions. Based on these facts, a complete reduction in sentence fails to comport with the sentencing factors.

Lambert's history and characteristics also weigh against a complete reduction

14

in sentence. Lambert has failed to participate in recommended programming and treatment. (Doc. 55-1.) Lambert has also been disciplined for several violations at FCI Waseca, including methamphetamine use. (Doc. 55-5.)  Lambert's previous convictions involved robbery stints where he pointed a gun at a store employee while stealing beer and placed a knife on a minor's throat. Lambert's criminal history and rehabilitative efforts fail to support a reduction in sentence.

The Court also acknowledges that it imposed a sentence below the guidelines. A complete reduction in sentence now could warrant a sentencing disparity with similarly situated people to Lambert. Given the nature and circumstances of the offense and the reports of misconduct at FCI Waseca, Lambert fails to show that a complete reduction in sentence proves warranted under the § 3553(a) factors.

## CONCLUSION

Lambert has demonstrated that extraordinary and compelling reasons exist for reducing their sentence. A complete reduction of Lambert's sentence at this time would not comport with the § 3553(a) factors.

## ORDER

Accordingly, **IT IS ORDERED:**

1. Lambert's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 52; Doc. 55) is **GRANTED**, in part, and **DENIED**, in part.

15

2.  The Court reduces Lambert's sentence to a period of 1 month on Count I and 112 months on Count IV to run consecutively.

3.  Upon release from imprisonment, Lambert shall be placed on supervised release for a period of 3 years on Count I and 3 years on Count IV to run concurrently.

DATED this 23rd day of September, 2025.

_____

Brian Morris, Chief District Judge
United States District Court

16